# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

LAEFAEVEI EUYLESSITY STINGLEY                                    PETITIONER

VERSUS                                          Civil Action No. 2:10-CV-57-MPM-DAS

STATE OF MISSISSIPPI, ET AL.                                    RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the court on the petition of Laefaevei Stingley for a writ of habeas corpus under 28 U.S.C. § 2254. Citing the one-year statute of limitations found at 28 U.S.C. § 2244(d), the state has moved to dismiss the petition. The petitioner has not responded, and the deadline for response has expired. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

## I. Procedural History

Laefaevei Stingley was convicted for possession of marijuana with intent to distribute in the Circuit Court of Tunica County, Mississippi, and on December 5, 2005, the court sentenced him to serve a term of ten years imprisonment . On October 23, 2007, the Mississippi Court of Appeals affirmed the conviction and sentence. The state court records reflect that Stingley failed to timely seek discretionary review in state court by filing a petition for rehearing in the supreme court as provided for in Mississippi Rule of Appellate Procedure 40.[1] By failing to timely seek

---

[1]The docket of the Mississippi Supreme Court reflects that Stingley filed a motion for time to seek rehearing which was stamped as filed in that court on April 24, 2008. However, this request for time, which was filed five (5) months after issuance of the mandate was denied by Order of the Clerk of that court. Stingley filed a second request for additional time to seek rehearing on May 5, 2008 which was denied by Order filed May 6, 2008. Therefore, the judgment was "final" well before Stingley's attempt at rehearing and such motion did not serve to extend the date the judgment became final.

the first step of discretionary review, Stingley "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court or the United States Supreme Court by way of a petition for writ of certiorari.[2] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, Stingley's conviction became final, and the statute of limitations for federal habeas relief began to run, when the time for seeking further direct review in the state court expired, i.e. fourteen days after his conviction was affirmed on direct appeal. M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Consequently, unless Stingley filed a "properly filed" application for state postconviction or other collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 6, 2007, to toll the statute of limitations, any habeas petition challenging his plea and sentence would be untimely. *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

According to the records of the Mississippi Supreme Court, Lincoln County Circuit Court and the Mississippi Supreme Court Clerk's Office, Stingley signed an "Application for Leave to Proceed in the Trial Court" on May 18, 2008, which was stamped as "filed" on June 8, 2008. By Order filed June 19, 2008, the Mississippi Supreme Court denied Stingley's application. As such, Stingley is entitled to statutory tolling under 2244(d)(2) for the period of time that his motion was pending in state court, for a total of 32 days (May 18, 2008, to June 19, 2008). Accordingly, absent additional statutory or equitable tolling, Stingley's petition was due in this Court on or before December 8, 2008. There were no additional "properly filed" motions which would serve

---

[2]As the Fifth Circuit pointed out in *Roberts v. Cockrell*, 319 F.3d 690, 693 fn 14 (5th Cir. 2003), "By failing to file a petition for discretionary review, [Stingley] apparently waived his right to seek a writ of certiorari from the Supreme Court."

to toll the limitations period under 28 U.S.C. § 2244(d)(2).

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act requires that a petitioner file his federal habeas corpus petition within one year of the date that the petitioner's judgment of conviction becomes final. Specifically, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless one of the narrow exceptions provided by § 2244(d)(1)(B-D) applies, a petitioner must file his petition within one year of the date his conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state

3

court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

### 1. Mailbox Rule

Under the "mailbox rule," Stingley's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Stingley's petition was stamped as "filed" in this Court on April 13, 2010. As such, his petition was filed some 487 days to 491 days after the December 8, 2008, deadline for filing his federal habeas.

### 2. Equitable Tolling

The United State Supreme Court recently held that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418). The Fifth Circuit has likewise addressed the doctrine of equitable tolling. *See Alexander v Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11, (5th Cir. 1998) ("[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, equitable tolling is permitted only "*in rare and exceptional circumstances.*" *Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis added); *Davis,* 158 F.3d at 811.

Petitioner relies on the doctrine of equitable tolling in presenting his claim. Petitioner argues that his petition should be timely for the following reasons:

> I parole out and had to go to Memphis and back up 11 mts 29 day for the DUI I violated on April 21, 2005. My lawyer sent my paperwork back to Greenwood after I wrote her and let her know I moved. And did not explain to me how to proceed with my case. I was lost on proceeding. I was released Dec. 10, 2009 from Shelby County Correctional Center to M.D.O.C. where I am presently housed at CMCF...

Stingley fails to present such a "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period. First, Stingley's contentions that he was "paroled out and had to go to Memphis" fail to state an extraordinary circumstance justifying the untimeliness of his federal habeas petition. According to MDOC officials, Stingley was housed within their system from January 2006 until August 2008 when he was released on parole to Bolivar County, Mississippi. Thereafter, in June 2009, Stingley was noted as serving his parole time in Tennessee. Further, Stingley was returned from parole in December 2009 where he remained in MDOC custody until his parole in May 2010, shortly after he filed his habeas petition. As such, Stingley was housed in Mississippi during the majority of the period that his federal habeas statute of limitations was running (November 2007 to December 2008) and able to utilize the Inmate Legal Assistance Program (ILAP) provided to all state inmates. Once Stingley was released on parole he was certainly able to file a federal habeas petition. Moreover, Stingley's assertions that his housing situation prevented him from timely filing contradict state court records showing that he filed two motions for time to seek rehearing in his direct appeal, as well as a motion seeking post-conviction relief in 2008, during the relevant time period that the statute of limitations was running against him.

In addition, Stingley's claim that he was unsure how to proceed fails to afford him the right to equitable tolling.³ See *Fisher v. Johnson*, 174 F.3d at 713 (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing); see also *Felder v. Johnson*, 204 F.3d at 170 (neither proceeding pro se, inadequacies in a prison law library nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling). A pro se prisoner's ignorance of the law is insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d at 629.

Although Stingley does not elaborate in his federal habeas petition, the state court record contains a motion for time to seek rehearing filed by Stingley wherein he states that the October 31, 2007, letter informing him, *inter alia*, that his appeal had been affirmed and that he had a right to seek rehearing within fourteen (14) days did not reach him until April 14, 2008, because it was mailed to the correctional facility in Greenwood, Mississippi, after he had already been transferred to another facility. Assuming arguendo that Stingley's did not receive the letter or any notification regarding his appeal until April 14, 2008, such could qualify him for equitable tolling pursuant to the Fifth Circuit's decision in *Phillips v. Donnelly*, 216 F.3d 508, 511 (5 Cir. 2000). However, under *Phillips*, the burden is on petitioner to prove his assertions that he did not timely receive notification of the decision affirming his direct appeal (*Id.*), and Stingley has failed to meet that burden.

Regardless, even if petitioner had proved the delay, he is not automatically entitled to equitable tolling. That is, even assuming Stingley could show a basis for this court to equitably

---

³Stingley's appellate counsel wrote him a letter dated October 31, 2007, which was allegedly received in April 2008, that clearly explained the procedural avenues that Stingley had available to him in both state and federal court for challenging his conviction, as well as the time limitations for filing those pleadings.

toll the limitations period, "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). *Melancon*, 259 F.3d at 408 (finding four-month delay in filing petition after ruling in state court was not "expedient" to warrant equitable tolling). Stingley has clearly failed to show that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling under the facts of this case. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Stingley's own documents state that he received notice of the court of appeals' decision in April 2008. As discussed above, he sought post-conviction relief in May 2008, and the state court denied his request for leave to proceed in June 2008. Stingley did not file his petition for writ of habeas until April 2010, almost two full years after his post-conviction application was denied in state court. As such, Stingley has clearly failed to meet his burden to establish proof that he proceeded with the requisite diligence to be entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). "[E]quity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403.[4]

### III. Conclusion

Because Stingley filed his petition too late and cites no "rare and exceptional"

---

[4] Even assuming that Stingley could establish that he was entitled to equitable tolling of the limitations period, such would not serve to make his federal habeas petition timely. As noted, by Stingley's own admission, he received the letter from counsel regarding his appeal on April 14, 2008. Therefore, if Stingley was allowed equitable tolling for the delay in receiving notice (October 23, 2007, the date his appeal was affirmed until April 14, 2008), Stingley would only be entitled to, at the very most, an additional 185 days of equitable tolling. That period of time, when added to the December 8, 2008, deadline for filing Stingley's habeas petition would result in an adjusted deadline of June 11, 2009, and Stingley did not file his federal habeas petition until April 9, 2010.

circumstance to warrant equitable tolling, the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of November, 2010.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE